Case 2:21-cr-00445-JFW Document 1 Filed 09/21/21 Page 1 of 8 Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT

09/21/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:21-cr-00445-JFW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution and Receipt of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |
| EDWARD SHELLEY DUVIVIER, aka "ESD," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about September 27, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant EDWARD SHELLEY DUVIVIER, also known as "ESD," knowingly distributed an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that, using a means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the image was child pornography.

The child pornography that defendant DUVIVIER distributed consisted of an image titled "Pthc Ptsc Jenny 9Yo Daughter With Cum In Mouth_ New.jpg."

COUNT TWO

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about September 28, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant EDWARD SHELLEY DUVIVIER, also known as "ESD," knowingly distributed an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that, using a means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the image was child pornography.

The child pornography that defendant DUVIVIER distributed consisted of an image titled "pthc_ptsc_9yo_jenny_smiling_with_doggie_ cock_in-her-face…looks_like_she_likes_it!!!.jpg."

COUNT THREE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about October 19, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant EDWARD SHELLEY DUVIVIER, also known as "ESD," knowingly distributed an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that, using a means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the image was child pornography.

The child pornography that defendant DUVIVIER distributed consisted of an image and video titled "Naty.wmv."

COUNT FOUR

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about February 1, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant EDWARD SHELLEY DUVIVIER, also known as "ESD," knowingly received onto a Western Digital external hard drive, bearing serial number WCAV5T774142, an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that, using a means and facility of interstate and foreign commerce, had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the image was child pornography.

The child pornography that defendant DUVIVIER received consisted of the following:

1. An image and video titled "cut1 from bibigon vid 6.avi"; and
2. An image titled "LexieGreenShirt (10).jpg."

## COUNT FIVE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about February 7, 2017, in Los Angeles County, within the Central District of California, defendant EDWARD SHELLEY DUVIVIER, also known as "ESD," knowingly possessed a Western Digital internal hard drive, bearing serial number WCATR2556925, and a Seagate internal hard drive, bearing serial number 9QG100EL, that contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant DUVIVIER possessed on the Western Digital internal hard drive consisted of the following:

1. An image and video titled "(pthc) 5yr viola(2) ~ 1";
2. An image and video titled "[Kingpass]babyj Hotdog.mpg"; and
3. An image titled "meg110.jpeg."

The child pornography that defendant DUVIVIER possessed on the Seagate internal hard drive consisted of the following:

1. An image and video titled "2011 elly 6.wmv"; and
2. An image and video titled "bae15a8d0fb644cfa4b72ec899771aec.avi."

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following property:

    (a)  All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

    (b)  All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

    (c)  All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

    (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                          A TRUE BILL

                                          /S/
                                          Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

SCOTT D. DUBOIS
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section